UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GEORGE WESLEY SHORT, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:25-CV-00222-DCLC-CRW |
| | ) | Crim. No. 2:23-CR-000222 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

George Wesley Short has moved to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255 [Doc. 1]. He challenges his classification under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), his guilty plea, and his counsel's performance. The United States has filed a response in opposition [Doc. 5].

## I. BACKGROUND

According to the Factual Basis signed by Short and filed in support of his guilty plea, on December 29, 2021, a Hawkins County deputy attempted to initiate a traffic stop of the vehicle Short was driving [Crim. Doc. 25, ¶ a]. Short refused to stop and a pursuit ensued until Short's vehicle broke down. [*Id.*]. Short exited the vehicle and fled officers but was shortly thereafter apprehended. A Hawkins County deputy returned to Short's vehicle to turn off the ignition when he saw in plain view the stock of a long gun on the passenger-side floorboard with the barrel point between the driver's seat and the console. [*Id.* ¶ b].

The federal grand jury returned a superseding indictment charging Short with possessing a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and alleged four predicate offense "which were committed on occasions different from one another, in violation of Title 18, United States

Code, Section 924(e)(1)." [Crim. Doc. 7]. The indictment listed the following Tennessee felonies: aggravated robbery with an offense date of July 14, 1992; aggravated burglary with an offense date of September 24, 2001; aggravated burglary with an offense date of April 20, 2007; and Tennessee burglary on April 24, 2010 [*Id.*].

Short pleaded guilty to the superseding indictment without a plea agreement. The Factual Basis submitted in support of his guilty plea detailed the offense, as noted above, but did not address the separate occasions of his earlier offenses. [Crim. Doc. 25]. During the change of plea hearing, the United States at first advised that Short faced no more than ten years imprisonment but corrected that during the hearing [Crim. Doc. 50 at PageID# 454-56]. Following that correction by the United States, the Court then engaged in the following colloquy with Short:

THE COURT: Okay. All right, Mr. short, that changes a lot in your case, okay. Just a moment ago you were advised that the maximum term of imprisonment was 10 years for the, for your change of plea. That's not correct, okay. So I'm going to give you an opportunity to -- you may want to rethink about your change of plea here today. It appears that you might be qualified under the armed career criminal statute. What does that mean for you? That means that if you have the prerequisite number of felony convictions, you're no longer looking at a maximum of 10 years, you're looking at a mandatory minimum of a 15-year term of imprisonment up to life, okay. Does that -- Do you understand that?

DEFENDANT SHORT: Yes, sir.

THE COURT: Was that your understanding coming in here?

DEFENDANT SHORT: Yes, sir.

THE COURT: Okay. So you knew that you were exposed to a minimum of 15 years?

DEFENDANT SHORT: Yes, sir.

THE COURT: Okay. All right. Knowing that you are looking at a, at a potential mandatory minimum of 15 years term of

|  |  |
|---|---|
|  | imprisonment at the Bureau of Prisons, do you still want to proceed today with your change of plea? |
| DEFENDANT SHORT: | Yes, sir. |
| THE COURT: | Anything about --- You want to take back from anything that I've said to you as a result of being advised that you're now looking at a 15 year minimum? |
| DEFENDANT SHORT: | No, sir. |

[Crim. Doc. 50 at PageID# 455-56]. The Court accepted Short's plea and adjudged him guilty of Court 1 of the indictment which charged him with being a felon in possession of a firearm in violation of Title 18, Section 922(g)(1) and 924(e)." [*Id.* at PageID# 461].

The Presentence Report identified Short's prior convictions and that they were predicates that triggered the enhanced penalty under § 924(e). Short objected, arguing that "the different occasions be charged in the indictment and proven beyond a reasonable doubt to a jury or admitted to by the defendant." [Crim. Doc. 34 at 1]. At the sentencing hearing, the United States introduced the judgments from Hawkins County for aggravated burglary with an offense date of September 24, 2001, for an aggravate burglary with an offense date of April 20, 2007, a burglary other than a habitation with an offense date of April 24, 2010, and the TOMIS sheet indicating an aggravated robbery conviction with an offense of July 14, 1992 [Crim. Doc. 51 at PageID# 480-81]. The Court asked Short's counsel if Short wanted to withdraw his plea and he stated he did not [*Id*. at PageID# 485].

Rather, Short asked to "be sentenced under the unaggravated offense. . . ." [*Id.* at PageID# 485-86]. The Court acknowledged this issue but noted that the Sixth Circuit precedent precluded that option [*Id.* at PageID# 486]. Short's counsel stated, "I know that this argument is currently foreclosed by Sixth Circuit precedent, and … there's no way around that…." [*Id.*]. The Court then overruled Short's objection, finding that there was no dispute about Short's prior convictions, and

that Short had four prior felony convictions that satisfied the predicate requirements for the application of enhanced punishments under § 924(e)(1) [*Id.* at PageID# 488]. The Court proceeded to sentence Short to a sentence of 190-months' imprisonment [Crim. Doc. 45, Judgment].

Short appealed his sentence, challenging the sufficiency of the factual basis under Federal Rule of Criminal Procedure 11(b)(3). He argued that his factual basis did not address any facts about whether he had committed his prior violent felonies on different occasions and that consequently there was not sufficient evidence to support the ACCA enhancement. *United States v. Short*, 128 F.4th 823, 826 (6th Cir. 2025). The Sixth Circuit found that his "indictment, PSR, and sentencing hearing provided a sufficient factual basis for his plea to the superseding indictment charging him with violations of § 922(g) and § 924(e)(1). *Id.* at 827. It also distinguished Rule 11's factual basis inquiry from the constitutional rule announced in *Erlinger v. United States*, 602 U.S. 821 (2024). *Id.* at 825-26. In further support of this finding, the Sixth Circuit observed that "Short never disputed that he'd been convicted of these violent crimes, or that they had been committed years apart from one another." *Id.* It found a sufficient factual basis to support his guilty plea and affirmed his ACCA conviction and sentence. *Id.* at 829. He did not seek certiorari from the Supreme Court.

Short then filed this timely § 2255 motion, asserting four grounds for relief: ineffective assistance of appellate counsel; an unconstitutional judicial determination that his prior violent felony convictions were committed on separate occasions; misclassification of his prior convictions as ACCA predicates; and finally his guilty plea was invalid. He also questions his counsel's plea advice and advanced a double-jeopardy and federal jurisdiction argument attacking the validity of his sentence.

## II. LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court ... claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). Section 2255 provides relief for a sentence imposed in violation of the Constitution or federal law, in excess of the statutory maximum, or otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The legal standard that governs collateral review under § 2255, rather than direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); see *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.' " (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994))). In fact, it does not replace a direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). A claim available on direct appeal but not raised is generally defaulted unless the petitioner establishes cause and actual prejudice or actual innocence. *Id.* at 622–23.

To obtain relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the [underlying] proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived the petitioner of

"the rudimentary demands of fair procedure." *Reed*, 512 U.S. at 354; see *Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996).

Ineffective-assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Short must demonstrate deficient performance and a reasonable probability of a different outcome but for counsel's error. When the asserted failure occurred on appeal, prejudice requires a reasonable probability that they would have prevailed on the issues the attorney failed to raise. *Wallace v. United States*, 43 F.4th 595, 602–03 (6th Cir. 2022). Ineffective appellate representation may supply cause for a procedural default, but only if the *Strickland* standard is first met. *Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)).

## III. ANALYSIS

### A. Short's challenge to the "separate-occasions" element

To qualify as an armed career criminal under the ACCA, the defendant must have three qualifying predicate offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *Erlinger*, the Supreme Court held that the Fifth and Sixth Amendments require a unanimous jury verdict finding the offenses were committed on "occasions different from one another" beyond a reasonable doubt unless the defendant "freely" admits to them in a guilty plea. 602 U.S. at 834. The Factual Basis filed did not refer to his prior felony convictions, thus did not address whether any of those priors were "committed on occasions different from one another." *Id.* Short argues that he never personally admitted to them. The Government argues that because of his plea to the superseding indictment supplied the necessary admission. He pleaded guilty to Count 1 of the Superseding Indictment that listed his four prior qualifying predicate felonies and charged a § 924(e)(1) violation.

The Court need not resolve whether Short's plea was an adequate admission that his priors were committed on occasions different from one another. Even assuming Short did not adequately admit that element and that the failure to submit the question to a jury violated the Sixth Amendment, any error resulting from that failure was harmless.

Not every constitutional error requires reversal. Most constitutional errors are subject to harmless error analysis, which asks whether the error affected the outcome of the proceeding. *Arizona v. Fulminante*, 499 U.S. 279, 306-07 (1991). A "structural" error requires reversal without a showing of prejudice because those errors affect the framework within which the proceeding occurs, rather than a particular aspect of the proceeding. *Id.* at 309-10. The Supreme Court has distinguished such fundamental defects from errors involving the failure to submit a particular element of an offense to a jury. In *Neder v. United States*, 527 U.S. 1, 8–15 (1999), the Court held that the omission of an element from jury instructions is subject to harmless-error review. And in *Washington v. Recuenco*, 548 U.S. 212, 218–22 (2006), the Court extended that reasoning to the failure to submit a sentence-enhancing fact to a jury. Thus, although the jury's factfinding role is constitutionally protected, the omission of a particular factual determination does not automatically invalidate the defendant's sentence.

The first issue is whether this *Erlinger* error is structural or not. In *United States v. Campbell*, 122 F.4th 624, 630-31 (6th Cir. 2024), the Sixth Circuit held that an *Erlinger* error is not structural. The court reasoned that the failure to submit ACCA's separate occasions question to a jury is analogous to the errors addressed in *Neder* and *Recuenco*. Because the errors in those cases were subject to harmless error review, the failure to obtain a jury finding on the separate occasions element was also subject to harmless error review. *Id.* Since *Campbell*, the Sixth Circuit has

reaffirmed that holding. See *United States v. Thomas*, 142 F.4th 412, 417–19 (6th Cir. 2025); *United States v. Ballinger*, 155 F.4th 671, 673–76 (6th Cir. 2025).

Under the harmless-error standard applied in those decisions, the Government must establish beyond a reasonable doubt that the constitutional error did not affect the sentence. In other words, that a properly instructed jury would have found the predicate offenses occurred on different occasions. *Campbell*, 122 F.4th at 630–33; *Thomas*, 142 F.4th at 417–19. In making that determination, the Court may consider the entire record, including conviction records and undisputed information in the presentence report. *Thomas*, 142 F.4th at 418–19; *Ballinger*, 155 F.4th at 674–76. Such information is not automatically conclusive, however, and its reliability must be weighed against any challenge to its accuracy. Applying that standard here, the Court concludes that any assumed *Erlinger* error was harmless beyond a reasonable doubt.

The dates of Short's convictions answer the question. Short committed the predicate offenses in July 1992, September 2001, April 2007, and April 2010. Years separated each offense from the next. Short identifies no factual basis to conclude that any two were part of one criminal occasion, and he has not disputed the dates or the existence of the convictions. Indeed, the Sixth Circuit observed on direct appeal that Short never disputed that these offenses occurred years apart. *Short*, 128 F.4th at 827. Under *Wooden v. United States*, 595 U.S. 360, 369–70 (2022), a substantial separation in time may itself resolve the occasions inquiry. See also *Ballinger*, 155 F.4th at 674–76.

In *Ballinger*, the Sixth Circuit faced a similar issue presented by Short here. Ballinger had pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and the court sentenced him to 180 months' imprisonment. *Ballinger*, 155 F.4th at 672. At his change of plea hearing, the Government advised Ballinger that he could face a higher sentence if he was

found to be an Armed Career Criminal at sentencing. *Id.* A PSR listed 22 prior felony convictions. At sentencing, the district court found that the PSR accurately reflected Ballinger's priors. Ballinger did not object to the PSR recitation of his prior record. His sentencing, like Short's, occurred before the *Erlinger* decision. The district court found that Ballinger was an armed career criminal and sentenced him to 180 months' imprisonment. On appeal, the Court reiterated that *Erlinger* errors are not structural and are subject to harmless error analysis. *Id.* at 673. It noted that the harmless error question is examined "through the lens of a reasonable jury." *Id.* at 674. It then examined the dates of the convictions, which went undisputed, and which were separated by years in time. "Ballinger's predicate crimes were separated by ten months, which strongly (almost dispositively) suggests harmless error." *Id.* at 676.

The Court concludes beyond a reasonable doubt that a jury presented with this undisputed record would have found that at least three qualifying offenses occurred on different occasions. Thus, even assuming an *Erlinger* violation, it did not affect the ACCA determination or Short's sentence. His separate-occasions claim affords no basis for relief.

**B. Short's challenge to the predicate convictions**

Short next argues that his Tennessee convictions are not ACCA violent felonies. Binding precedent forecloses his argument. Tennessee's aggravated robbery qualifies under the ACCA's elment's clause. *See Porter v. United States*, 959 F.3d 800, 802 (6th Cir. 2020) (citing *United States v. Gloss*, 661 F.3d 317, 318–19 (6th Cir. 2011)). Short's two separate Tennessee aggravated burglary convictions also qualify under ACCA's enumerated-burglary clause. *See Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019); *United States v. Brown*, 957 F.3d 679, 683 (6th Cir. 2020). Because his aggravated robbery and two aggravated burglary convictions supply the

three necessary predicates, the Court need not address whether the 2010 burglary conviction also qualifies as a predicate offense.

In his reply brief, Short cites *United States v. Reed*, 163 F.4th 338 (6th Cir. 2025) for the proposition that "burglary does not qualify as an 851 predicate." [Doc. 6 at 2]. But *Reed* addressed a Kentucky first-degree burglary conviction and whether it constituted a "serious violent felony" under 21 U.S.C. §§ 841 and 851. *See* 18 U.S.C. § 3559(c)(2)(F)(defining serious violent felony). It did not address whether Tennessee aggravated burglary statute is an ACCA predicate offense. The Sixth Circuit has already found that it is.

**C. Short's Guilty Plea**

Short also argues that his plea to being a felon in possession of a firearm was invalid because he did not agree that his prior convictions triggered the ACCA. The record established otherwise. Short knew that he was facing a mandatory minimum of 15 years because of the ACCA enhancement, and he knew so even before coming in for the change of plea hearing. The Court specifically advised Short of the 15-year minimum and potential life sentence and he confirmed his understanding and expressed his desire to continue on with his change of plea [Crim. Doc. 50 at PageID# 454-56]. At sentencing, he challenged the application of the ACCA but expressly did not seek to withdraw his plea. [Crim. Doc. 51 at PageID# 485-90].

If Short claims there is an inadequate factual basis to support his plea, the Sixth Circuit has specifically rejected that argument on direct appeal. *Short*, 128 F.4th at 825-28. That, of course, does not resolve whether Short admitted the different-occasions element. But the Court has assumed he did not made that admission but found any error harmless. Nothing in the record would suggest that he unknowingly pleaded guilty to the firearm offense.

**D. Ineffective Assistance of Counsel**

Short claims his appellate counsel was ineffective for not raising a constitutional challenge to the separate-occasions issue under *Erlinger* rather than limiting his appeal to Rule 11. *Short*, 128 F.4th at 826 ("Indeed, Short is adamant here that his appeal is based on Rule 11 and not the Constitution."). This issue lacks merit because the Court need not decide whether the omitted argument was stronger or whether his counsel's choice fell below professional norms. It is enough that Short cannot establish prejudice. As explained, the dates of his predicates render any *Erlinger* error harmless beyond a reasonable doubt. There is no reasonable probability that raising the omitted issue would have produced a different result on appeal. *Wallace*, 43 F.4th at 602–03; *Strickland*, 466 U.S. at 694. Ground One therefore fails.

Grounds Two through Four were not separately raised on direct appeal. They are thus procedurally defaulted. In any event, as addressed above, those claims fail on their merits. If Short also challenges trial counsel's advice, he has identified no advice that, considered against the plea colloquy and sentencing record, demonstrate deficient performance and prejudice. In the plea context, prejudice requires a reasonable probability that, but for counsel's error, the defendant would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Short does not make that showing. And the plea colloquy directly contradict any argument to the contrary.

**E. Short's Remaining Arguments raised in his Reply**

Short claims that using his prior convictions to enhance his punishment violates the double jeopardy clause [Doc. 6, PageID # 48]. Short is incorrect. Using prior convictions to enhance punishment does not impose a second punishment for the earlier crimes in violation of the double jeopardy clause. *See Monge v. California*, 524 U.S. 721, 728 (1998). He also claims that it was purely intra-state or local possession. But the statute requires the firearm to have a nexus to

interstate commerce, which it did by being manufactured outside the state of Tennessee, not by Short's intrastate possession. *United States v. Chesney*, 86 F.3d 564, 571 (6th Cir. 1996) ("proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving the "in commerce or affecting commerce" under § 922(g)(1)).

Finally, on direct appeal, the Sixth Circuit rejected Short's argument that his guilty plea lacked an adequate factual basis under Rule 11(b)(3). *Short*, 128 F.4th at 826–28. Short cannot relitigate that same Rule 11 issue through his § 2255 motion. The Sixth Circuit, however, expressly distinguished that issue from the constitutional question presented by *Erlinger*. That is why the Court addressed his *Erlinger* claim and found harmless error.

## IV. CERTIFICATE OF APPEALABILITY

No evidentiary hearing is necessary to resolve the allegations contained in Short's § 2255 motion. Section 2255(b) requires a hearing unless the motion, files, and records establish that the prisoner is not entitled to relief. Short's material assertions may be accepted here without changing the result. Even assuming he never expressly admitted the ACCA separate-occasions element, the undisputed conviction dates foreclose prejudice; his remaining claims likewise present no factual dispute requiring testimony. *See Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018).

The Court also declines to issue a certificate of appealability. Short has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate the Court's disposition of his claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V. CONCLUSION

For the reasons stated, Short's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Civ. Doc. 1; Crim. Doc. 58] is **DENIED.** This case is **DISMISSED**. A certificate of appealability is **DENIED**. This Court will enter a separate judgment.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge